**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

Plaintiff,

-vs-                                                                **Case No. 09-C-610**
                                                                               **04-CR-281**

**WILLIAM OTERO,**

Movant.

---

## DECISION AND ORDER

---

William Otero's judgment of conviction became final on October 9, 2007, the day the United States Supreme Court denied his petition for a writ of *certioriari*. *Otero v. United States*, 128 S. Ct. 425 (2007). Otero did not file the instant motion for relief under 28 U.S.C. § 2255 until the middle of June, 2009, well after the expiration of the one-year limitations period. § 2255(f)(1). The United States argues that Otero's motion should be dismissed as untimely filed.

Otero invokes the doctrine of equitable tolling. For equitable tolling to apply, the applicant must demonstrate that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance out of his control prevented timely filing. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010). Otero blames his attorney for not updating him with information regarding the status of his case after the Seventh Circuit remanded for re-sentencing. *Otero v. United States*, 495 F.3d 393 (7th Cir. 2007). Otero claims that his attorney did not file a petition for *certiorari*, but the record reflects that Otero's

understanding is incorrect. Regardless, Otero admits that he did nothing after the Seventh Circuit's ruling except wait for word from his attorney. If Otero was not sure that his attorney was pursuing relief in the Supreme Court – if, in fact, Otero was unsure about anything regarding the status of his case – it was his responsibility to exercise reasonable diligence in an effort to ensure that his rights were not forfeited. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (petitioner bears the burden to "demonstrate his own diligence in pursuing his claim"). In other words, it was "incumbent" on Otero to "independently take steps to determine when his one-year clock began, as the petitioner did in *Holland*." *United States v. Prieto*, No. 05-CR-139, 2012 WL 12539, at *3 (N.D. Ind. Jan. 3, 2012). Moreover, and aside from Otero's lack of diligence, neither the fact of a prisoner's incarceration nor an attorney's failure to communicate will typically amount to an "extraordinary circumstance" justifying the application of equitable tolling. *Id.* at *4 (citing *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001); *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001)).

In connection with this order, the Court must "issue or deny a certificate of appealability . . ." Rule 11(a), Rules Governing Section 2255 Proceedings. The Court will not issue a certificate because it is not debatable among reasonable jurists whether this petition should have been resolved in a different manner or that the issues deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

**IT IS HEREBY ORDERED THAT** Otero's motion to file supplemental authority [ECF No. 10] is **GRANTED**; Otero's motion for relief under § 2255 [ECF No. 1] is **DENIED**; and the Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2012.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**